United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60857
Conference Calendar

JOHN WESLEY ROBINSON,

Petitioner-Appellant,

versus

MICHAEL PETTIFORD,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:04-CV-160-Br-Su
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

John Wesley Robinson, federal prisoner #17512-018, appeals from the judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition. Robinson contends that the district court erred by holding that he had failed to satisfy the requirements of Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001), to pursue 28 U.S.C. § 2241 relief because he relied on the retroactive application of the Supreme Court's decision in Stinson v. United States, 508 U.S. 36 (1993), for his underlying habeas claim. In

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stinson, the Supreme Court held, inter alia, that the commentaries to the sentencing guidelines are binding in most instances. See Stinson, 508 U.S. at 43-47. Robinson argues that relief on his claim was not possible until 1999, when the Eleventh Circuit decided United States v. Gallo, 195 F.3d 1278 (11th Cir. 1999), in which the Eleventh Circuit relied on Stinson to hold that sentencing guidelines commentary requiring a finding of reasonable foreseeability before adjustment of a defendant's offense level for possession of a firearm by a coconspirator was binding. Gallo, 195 F.3d at 1283.

Robinson has not shown that the district court erred by dismissing his 28 U.S.C. § 2241 petition. First, Stinson was decided in 1993, before Robinson was convicted. Thus, Robinson could have relied on Stinson during his sentencing, on direct appeal, or in his previous 28 U.S.C. § 2255 proceeding. Robinson thus does not rely on retroactive application of a Supreme Court opinion for his claim. See Reyes-Requena, 243 F.3d at 904.

AFFIRMED.